IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHNATHAN JONES,

                                                                          ORDER

                Plaintiff,

                                                                          10-cv-797-bbc

     v.

CONSUMER PORTFOLIO SERVICES, INC.
and WILLIFORD GRAY,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Consumer Portfolio Services, Inc. removed this case to federal court under 28 U.S.C. §§ 1441 and 1446.  Plaintiff Johnathan Jones asserts state law claims only (for invasion of privacy and violations of the Wisconsin Consumer Act), so it was defendant Consumer Portfolio Service's burden to show that jurisdiction was present under 28 U.S.C. § 1332. That statute permits federal courts to hear cases under state law between "citizens of different States" when the amount in controversy exceeds $75,000.

      In its notice of removal, Consumer Portfolio Services alleged that California was its state of incorporation and principal place of business and that plaintiff was a citizen of Wisconsin.  <u>Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard,</u>

1

P.C., 385 F.3d 737, 740-43 (7th Cir. 2004). In addition, it alleged that plaintiff refused to concede that his damages and fees were less than $75,000. Oshana v. Coca-Cola Co., 472 F.3d 506 (7th Cir. 2006) (plaintiff's "refusal to admit that the combination of [compensatory damages and attorney fees] would not exceed $75,000 raised the reasonable inference that it would"). Further, because plaintiff is asking for punitive damages and damages for emotional distress, it is reasonable to infer that the amount in controversy is greater than $75,000. Thus, the notice of removal was sufficient to show that diversity jurisdiction existed at the time of removal.

After removal, plaintiff filed an amended complaint with a new defendant, Williford Gray. Plaintiff alleges that Gray worked in Illinois, but plaintiff does not include any allegations about Gray's domicile, which is what matters for the purpose of determining citizenship. Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002). If Gray is a citizen of Wisconsin, that could eliminate diversity jurisdiction. Schur v. L.A. Weight Loss Centers, Inc., 577 F.3d 752, 764 (7th Cir. 2009) (post-removal joinder of nondiverse party may require remand in some circumstances). Accordingly, I will give the parties an opportunity to submit supplemental materials showing defendant Gray's citizenship. If either side believes that Gray is a citizen of Wisconsin, that party should address the question whether remand is appropriate.

ORDER

IT IS ORDERED that the parties may have until February 18, 2011, to file supplemental materials demonstrating defendant Gray's state citizenship.

Entered this 31st day of January, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge